24-2334-cv
*Stevens v. City of Oneonta*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-five.

PRESENT:
>BARRINGTON D. PARKER,
>MICHAEL H. PARK,
>>*Circuit Judges,*
>LAWRENCE J. VILARDO,
>>*District Judge.*[*]

_____

Matthew M. Stevens,

>*Plaintiff-Appellant,*

>v.                                    24-2334

_____

[*] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

**City of Oneonta,**

   *Defendant-Appellee,*

**Katie Bottger,**

   *Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Matthew M. Stevens, pro se, Worcester, NY. |
| **FOR DEFENDANT-APPELLEE:** | Angelo D. Catalano, Esq., Coughlin & Gerhart, LLP, Binghamton, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Matthew M. Stevens, proceeding pro se, appeals from the district court's grant of summary judgment to the City of Oneonta on his claims for discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"). We assume the parties' familiarity with the underlying facts, the

2

procedural history, and the issues on appeal.[1]

"We review a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). "Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).

To establish a prima facie case for discrimination or failure to accommodate under the ADA, a plaintiff must show that he was "qualified to perform the essential functions of his job, with or without reasonable accommodation." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020). "In evaluating whether a particular job function is essential, this Court considers the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the mention of the function in a collective bargaining agreement, the work experience of past employees in the position, and the work experience of current employees in similar positions." *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 229 (2d Cir. 2017)

---

[1] Stevens moves to file a supplemental appendix, but we may consider the documents in Stevens's proposed appendix on the grounds that they were "exhibits filed in the district court." Fed. R. App. P. 10(a)(1).

(cleaned up). "Courts must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position." *Id.* (cleaned up).

Here, there was no genuine dispute that Stevens was unable to perform the essential functions of his job as a Wastewater Treatment Plant Operator ("WWTPO"). Oneonta officials testified that WWTPOs are required to wear a respirator for their safety because they mix potentially hazardous chemicals. And although the WWTPO job description does not mention respirators, it does say that mixing chemicals is part of the job. Stevens does not dispute that mixing dangerous chemicals was part of his job and that he is unable to wear a respirator. So the district court properly granted summary judgment to Oneonta on Stevens's claims for discrimination and failure to accommodate under the ADA.

We have considered Stevens's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Stevens's motion to file a supplemental appendix as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4